## Case No. 9,039.

### MANNIE et al. v. EVERETT et al.[1]

Circuit Court, E. D. New York. July 15, 1879.

PATENTS—NOVELTY—SUBSTITUTION—PRELIMINARY INJUNCTION—ACQUIESCENCE—AGREE-MENT—VALIDITY.

[1. A prior decree sustaining a patent if entered by default is not enough to warrant a preliminary injunction in a subsequent suit.]

[2. In a suit upon letters patent only recently issued very strong evidence of acquiescence on the part of the community is required to justify a preliminary injunction.]

[3. A mere mercantile agreement not to deal in certain patented machines therein named is not an estoppel to deny the validity of the patent.]

[4. In a suit for infringement the foundation of a preliminary injunction is that the patent should be to all present appearances valid.]

[5. The substitution of wood for paper in the construction of a box of peculiar pattern does not amount to novelty.]

[These were bills in equity by George A. Mannie and William H. Bogart against Sidney J. Everett and Archibald S. Van Orden for infringement of letters patent. Heard on motions for preliminary injunction.]

F. J. Mather, for complainants.

Foster, Wentworth & Foster (James P. Foster and Philo Chase, of counsel), for defendants.

BENEDICT, District Judge. These two cases come before the court upon motions for preliminary injunction. The motions have been argued together and will be disposed of together.

The first bill, filed January 3rd, 1879, sets forth letters patent issued May 8th, 1866, to James Shepard and Benjamin B. Lewis, for an improvement in the art of constructing boxes for fruit and other articles, a surrender and re-issue thereof on the 7th of December, 1877, to said Shepard, and an assignment thereof to the plaintiffs on the 25th day of February, 1878. This bill also sets forth letters patent issued on the 25th day of June, 1878, to the plaintiffs for an invention relating to boxes or receptacles made from thin splints or veneer of wood which have a grain, and then charges an infringement of both patents by the defendants.

There is also set forth a decree of this court in favor of the plaintiffs, against one Hugo G. Adam and Henry P. Hildreth, composing the firm of Adam & Hildreth, for an infringement of the same patents, and

avers that but for the infringement by the defendants the plaintiffs would be in undisturbed possession, use and enjoyment of the exclusive privileges secured by the said letters patent.

The second bill was filed on the 14th day of March, 1879. It sets forth letters patent No. 55,709, issued on the 19th day of June, 1866, to one Charles Reese, for an improvement in the manufacture of fruit boxes, a surrender and re-issue thereof to said Reese on the 25th day of February, 1879, and an assignment thereof to the plaintiffs. Infringement by the defendants of this patent also is there charged. Both the bills pray a decree for an account and an injunction but neither of them pray for an injunction during the pendency of the suit.

Upon these two bills and various affidavits the plaintiffs now move for preliminary injunctions during the pendency of these suits.

In opposition to these motions the defendants have presented affidavits denying the validity of the patents sued on, on the ground of want of utility or invention, and they charge each of the re-issued patents set forth to be void because for a different invention from that described in the original, and aver that the plaintiffs' claim to the exclusive right as set forth in the bills has never been sustained by the adjudication of any court or acquiesced in by the public. In addition to these answers to the merits the defendants object to the granting of the plaintiffs' motion on the ground of want of regularity of the proceedings and the insufficiency of the moving papers, such as that the drawings, forming part of the patents sued on and without which the patents are unintelligible, are not exhibited in the moving papers; that certified copies of the patents sued on have not been produced upon the hearing; also, that the bills afford no ground for the motions because they contain no prayer for a preliminary injunction, as required by equity rule No. 21. Also that the language used in the bills in regard to infringement does not show an infringement of the re-issued letters patent set forth. Also that upon the papers, title in the complainants is not shown. Also that the plaintiffs have failed to show a cause of action because the boxes produced in support of the charge of infringement as having been sold by the defendants are not claimed to have been bought until after the filing of the bill, and the sale thereof by the defendants even at that time has been disproved.

In disposing of these motions I do not intend to rest my decision upon any of the irregularities that have been pointed out by the defendants, although it is manifest that some of these are of a character not to be disregarded when insisted on; I shall treat the motions as a single motion regularly made in a case presenting the three patents set forth in both bills, and as presenting

---

[1] [Not previously reported.]

satisfactory evidence of a prior sale by the defendants of the boxes that are claimed to be an infringement upon the rights supposed to be secured by the three patents which the plaintiffs say they own.

So considering these motions, I remark, first, no prior adjudication, within the sense of the rule applicable in cases of this description, has been shown. The decree of this court in the case of Adam & Hildreth [unreported], although shown to have been obtained in good faith without collusion, was entered by default, and proves nothing but a single case of individual acquiescence by the two persons there sued in the plaintiffs' claim under the Shepard and Lewis and the Mannie patent.

There has been no judicial determination of any of the questions that arise in these suits that can in any way affect the action of this court upon these motions.

In the next place, no considerable uninterrupted use by the patentees of the invention described, or a general acquiescence on the part of the trade in the claim to such inventions, has been shown. The re-issue of the Shepard and Lewis patent was made in December, 1877, the Mannie patent was first issued June 25, 1878, and the Reese patent was re-issued in February, 1879, subsequent to the filing of the first of the bills under consideration in January, 1879. At the filing of the bill the patents sued on had been in existence, one a few days longer than one year, one some seven months, and one less than one month. Under such circumstances it would require much stronger evidence than the plaintiffs have been able to produce to show an acquiescence on the part of the community that would warrant the inference that the plaintiffs' claim under the patents could not be successfully denied. Upon the affidavits it cannot be held that a general acquiescence in the plaintiffs' claims of an exclusive right has been shown.

There is, however, a circumstance which bears strongly upon the question of acquiescence so far as the defendants are concerned, and that is the agreement signed by the defendant Everett on July 30, 1878. It appears by the affidavits that, on complaint being made that the defendants were infringing the plaintiff's patent, an agreement was entered into by defendant Everett in the following terms:

We, Everett & Van Orden, agree in consideration that George A. Mannie & Co. shall not proceed against us for infringement heretofore, and not make us account for past royalty to and with George A. Mannie & Co., that we will not, after August 10, 1878, make or sell any more wooden veneer butter boxes having metallic bindings like that described in Mannie's patent, or sewed on the ends as described in the Munger patent, or infringing any patent owned by Geo. A. Mannie & Co. Sidney J. Everett. July 30, 1878.

This agreement the other defendant, Van

Orden, refused to sign and declined to be bound thereby, but it is shown that subsequently thereto the plaintiffs purchased of the defendants all their stock of boxes, and the defendants thereafter sold boxes made by the plaintiffs and stamped: "Manufactured for Everett & Van Orden by Geo. A. Mannie & Co."

This evidence affords room for the plaintiffs to contend that the defendant Van Orden assented to the agreement made by his partner. But it is to be observed in regard to this agreement that it is not set up in the bill. These suits are in no way founded upon the agreement. The bills not only are not brought to enforce the agreement, or for an injunction in support of the agreement, but they do not put forth the agreement as acquiescence on the part of the defendants in the plaintiffs' claims under the patents in question.

At most, therefore, upon this motion, this agreement can have no effect except as evidence to show a temporary acquiescence on the part of the defendants in the plaintiffs' claim of exclusive right under such patents as were then known to the defendants to belong to the plaintiffs. Acquiescence on the part of any person in a claim of exclusive right under a patent is a material part in an action upon the patent and may be given in evidence by the patentee as an admission or as evidence pro tanto of general acquiescence, but is always capable of explanation, and if shown to be part of a simple, mercantile agreement, affords little support for an inference in favor of the validity of the patent. Such appears to be the character of the agreement under consideration; and it neither estops the defendant from denying the validity of the plaintiffs' patent, nor does it compel the inference that the defendants have no good ground on which to contest the plaintiffs' claim under the patents mentioned therein.

If no serious doubt had been raised in regard to the novelty of the invention claimed, it might be possible to find ground for granting a preliminary injunction in this agreement, coupled with the shown insolvency of the defendants, taken in connection with the evident attempt on their part to misrepresent their financial ability, and the further fact that it is doubtful whether any real injury would result to the defendants from such an injunction if issued; but in the state of the evidence as it stands upon this motion, the doubt as to the validity of either of the plaintiffs' patents is too serious to permit of an injunction prior to a final hearing of the cause.

The claim of the Shepard and Lewis patent as re-issued is as follows: "In the art of constructing boxes for fruit and other articles from blanks of a single thickness bending the blank obliquely with the grain of thin wood or veneer substantially as and for the purpose herein specified."

Assuming the patent to be either for a product, viz.: a box made of a blank of a single

thickness by bending the blank obliquely with the grain, or for a process of making a box out of a single blank by bending the blank obliquely to the grain, there is much room to dispute the novelty of the invention. This same idea applied in the same way to accomplish the same result appears in the boxes produced by the defendants under the affidavit made by John T. Brown, and also in the old boxes constructed of a single piece of birch bark by bending the bark obliquely to the grain.

The claim of the Mannie patent is for a combination, the elements of which are (1) "a veneer box having its sides prolonged to form flaps lapping over upon its end; and (2) a bent metal strip covering substantially the entire upper edge of the end, and securing the end to the flaps."

The elements of this combination are old. Their combination produces no new result, nor does it appear that invention was required to apply an ordinary metal binding to the edge of a veneer box for the purpose of preventing the veneer from splitting and to confine the ends of the flaps. It is simply the case of a mechanical adaption of an ordinary mechanical device to produce a simple and well-known result. The use of a similar binding to produce a similar result is common.

The remaining patent is the one issued to Reese, which forms the subject of the second bill. This re-issue was granted subsequent to the filing of the first bill, and within a month of the time of commencing suit upon it. The claim of this patent is "a box or receptacle made of a single piece of wood, veneer, or other similar material, bent up to form the sides and ends thereof, and having surplus material at the corners consisting of prolonged parallel projections made to overlap and reinforce the adjacent sides or ends, and which projections are secured to said sides or ends by eyelets or their equivalents, substantially as described." This patent as it stands is shown to be anticipated in several of the boxes that have been produced by the defendants. The substitute of wood for paper in the construction of a box does not constitute novelty, and besides the Reese patent is broad enough to cover not only boxes of wood, but similar boxes made of paper, which are old. Among the defendants' exhibits are several boxes prior in date to the Reese patent, in which are to be found laps and flaps similar to those described in the Reese patent, and similarly applied.

If these views in regard to the novelty of the plaintiffs' invention are correct it is manifestly impossible for the plaintiffs to obtain an injunction against the defendants until their patents shall have been sustained upon the final hearing. The very foundation of an injunction in a case of this description is a patent to all present appearances valid, and such foundation is here wanting. The motion for preliminary injunction must therefore be denied.